## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DOUGLAS B. BIBBS**                                                      **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 1:19CV632 HSO-LRA**

**PELICIA HALL**                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Douglas Bibbs seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under

the Antiterrorism and Effective Death Penalty Act of 1996.  Alternatively, Respondent

argues that Petitioner's claims are procedurally defaulted for failure to exhaust

administrative remedies. After a review of the record and the applicable law, the

undersigned recommends that the petition be dismissed with prejudice.

In June 2013, Bibbs entered a guilty plea to armed robbery in the Pearl River

County Circuit Court.  He was sentenced on July 19, 2013, to a term of 20 years, with 5

years suspended and 5 years post-release supervision.  On October 28, 2015, Bibbs filed

a motion for post-conviction relief in the Pearl River County Circuit Court.  The Circuit

Court dismissed the motion on November 18, 2015, and the Mississippi Court of Appeals

affirmed the dismissal on February 13, 2018.  *Bibbs v. State*, 237 So.3d 1276 (Miss. Ct.

App. 2018).[1]

---

[1] ECF No. 5-1—5-5.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition.  Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2:04CV273 P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[2] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

---

[2]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

3

Bibbs entered his guilty plea after the effective date of the amendment. As such, he cannot be credited with the 30-day period for direct appeal granted to petitioners who pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Bibb's conviction therefore became final on July 19, 2013, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before July 19, 2014. Because Bibbs did not file his state post-conviction motion prior to that date, AEDPA's statute of limitations period ran uninterrupted from July 19, 2013, through July 19, 2014. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent statutory or equitable tolling, his federal habeas petition filed on September 13, 2019, over 5 years after the statute of limitations expired, is untimely.

Bibbs does not deny that his petition is untimely, and he has filed no response or otherwise challenged the motion to dismiss. He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. The undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice. Because the Court so finds, it need not address Petitioner's failure to exhaust state court remedies and procedural default.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 29, 2020.


                                    s/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE