IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS B. BIBBS | § | PETITIONER |
| | § | |
| v. | § | Civil No. 1:19cv632-HSO-LRA |
| | § | |
| PELICIA HALL | § | RESPONDENT |

**ORDER OVERRULING PETITIONER'S [8] OBJECTION; ADOPTING MAGISTRATE JUDGE'S [7] REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S [5] MOTION TO DISMISS; AND DISMISSING [1] PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on Petitioner Douglas B. Bibbs's Objection [8] to the Report and Recommendation [7] of United States Magistrate Judge Linda R. Anderson, which recommended that Respondent Pelicia Hall's Motion to Dismiss [5] be granted and that Petitioner Douglas B. Bibbs's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice as untimely.  After due consideration of the Motion [5], the Report and Recommendation [7], Petitioner's Objection [8], the record, and relevant legal authority, the Court finds that Petitioner's Objection [8] should be overruled, that the Magistrate Judge's Report and Recommendation [7] should be adopted, that Respondent's Motion to Dismiss [5] should be granted, and that the Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

I.  BACKGROUND

A.  Factual background

On or about June 21, 2013, Petitioner Douglas B. Bibbs ("Petitioner" or "Bibbs") pleaded guilty in the Circuit Court of Pearl River County, Mississippi, to a charge of armed robbery. *See* Ex. "A" [5-1] at 1-4, 18. On July 19, 2013, Bibbs was sentenced to a term of 25 years in the custody of the Mississippi Department of Corrections, with 20 of those years to serve as a term of imprisonment and 5 years to serve on post-release supervision. *See id.* at 26. Bibbs did not appeal, as there is no direct appeal from a guilty plea under Mississippi law. *See* Miss. Code Ann. § 99-35-101 ("where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed"); *Wrenn v. State*, 121 So. 3d 913, 915 (Miss. 2013) (holding that there is no right to appeal when a conviction is the result of a guilty plea, and "a defendant challenging a conviction entered as [a] result of guilty plea can do so only under the Post Conviction Relief Act").

Over two years after Bibbs was sentenced, on October 28, 2015, he filed a pro se "Verified Petition for Post-Conviction Relief" ("PCR motion") in the Pearl River County Circuit Court. *See* Ex. "B" [5-2] at 1-7. Bibbs's PCR motion was denied on November 18, 2015, *see* Ex. "C" [5-3] at 1-3, and Bibbs appealed this denial, *see* Ex. "D" [5-4] at 1. The Mississippi Court of Appeals affirmed the circuit court's dismissal of Bibbs's PCR motion. *See id.* at 3. Bibbs sought rehearing, but the Mississippi Court of Appeals denied his request on October 9, 2018. *See* Ex. "E" [5-5] at 1.

B.  Procedural history

On September 13, 2019, Bibbs signed a Petition [1] under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court, which was filed of record on September 23, 2019.  Pet. [1] at 1-15.  Respondent Pelicia Hall ("Respondent") has filed a Motion to Dismiss [5], arguing that Bibbs's claims should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).  See Mot. [5] at 3-5.  In the event the Court finds the Petition timely, Respondent alternatively argues that Bibbs's claims are unexhausted and procedurally defaulted because he failed to petition the Mississippi Supreme Court for certiorari review.  See id. at 5-8.  Bibbs did not respond to the Motion to Dismiss [5].

On April 29, 2020, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation [7] which recommended that the Petition be dismissed with prejudice as untimely.  See R. & R. [7] at 4.  Bibbs has submitted an Objection [8] to the Report and Recommendation [7], acknowledging that his Petition is time-barred.  See Obj. [8] at 1.  Bibbs cites his lack of legal knowledge and refers to some files that he seeks to obtain from his attorney.  See id. at 1-2.  Respondent has filed a Response [9] opposing Petitioner's Objection [8] and arguing that the Magistrate Judge correctly concluded that the Petition [1] should be dismissed as untimely.  See Resp. [9] at 1-3.

II.  DISCUSSION

A.  Standard of review

Because Petitioner has filed a written Objection to the Magistrate Judge's Report and Recommendation [7], the Court "make[s] a de novo determination of

3

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

28 U.S.C. § 2244(d)(1) provides that

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations, and not a jurisdictional bar, such that it can be tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Section 2244(d) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with

4

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge that the Petition is untimely, and it will adopt the Report and Recommendation.

B.   Analysis

1.   Statute of limitations

Bibbs was sentenced on July 19, 2013. *See* Ex. "A" [5-1] at 1-4, 18, 26. Because he pleaded guilty, Bibbs had no right to appeal under Mississippi law. *See* Miss. Code Ann. § 99-35-101; *Wrenn*, 121 So. 3d at 915. Therefore, Bibbs's state-court conviction became final on the date he was sentenced, July 19, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Any § 2254 petition Bibbs wished to file was therefore due on or before July 19, 2014. *See* 28 U.S.C. § 2244(d)(1). Bibbs' Petition was not executed and placed in the prison mailing system until September 13, 2019, *see* Pet. [1] at 15, making it untimely unless tolling applies.

2. Statutory tolling

Bibbs is not entitled to statutory tolling because he did not "properly file" an application for state post-conviction or other collateral review before the statute of limitations expired on July 19, 2014.  See 28 U.S.C. § 2244(d)(2).  He did not file his PCR motion in state court until October 28, 2015, after the statute of limitations had expired.  Therefore, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable.  See, e.g., id.; Hebrard v. Day, 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam).  Unless equitable tolling applies, Bibbs's Petition is time-barred.

3. Equitable tolling

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its application.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation omitted).  Diligence is defined as "reasonable diligence, not maximum feasible diligence."  Id. at 653 (quotation omitted).  With respect to the extraordinary circumstances requirement, any delays must result from external factors beyond the petitioner's control, and not from delays of his own making.  See Jackson, 933 F.3d at 410.

In this case, Bibbs did not respond to Respondent's Motion to Dismiss [5] and did not argue equitable tolling before the Magistrate Judge.  Because Bibbs had

6

not demonstrated that he was entitled to equitable tolling in opposition to Respondents' Motion to Dismiss, the Magistrate Judge correctly determined on the record before her that the Petition is time-barred.

In his Objection to the Report and Recommendation, Bibbs alludes to a request that the Court find he is entitled to equitable tolling of the statute of limitations because he lacks legal knowledge and is seeking some unspecified files from his attorney. *See* Obj. [8] at 1-2. However, it is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

To the extent Bibbs claims that the lack of his unspecified client file from his attorney constituted an external obstacle that prevented a timely filing of his Petition, the Court must consider "how severely those impediments limited the petitioner's ability to timely file." *Jimenez v. Hunter,* 741 F. App'x 189, 193 (5th Cir. 2018). In this case, Bibbs did not respond to Respondent's Motion to Dismiss and has not addressed the severity of any alleged external obstacles in his Objection [8]. The record reflects that Bibbs was able to file a pro se PCR motion and prosecute the related appeal in the state court system, as well as pursue the present Petition [1] before this Court, all without this file, as Bibbs states in his Objection [8] that he has yet to receive it. *See* Obj. [8] at 1.

Based upon the foregoing, Bibbs has not demonstrated the existence of any

7

"rare and exceptional circumstances" warranting the application of equitable tolling. *See Alexander*, 294 F.3d at 629. Bibbs has not shown that he has been pursuing his rights diligently, or that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Bibbs's Petition is time-barred and should be dismissed.

### III. CONCLUSION

The Court will overrule Petitioner's Objection [8], adopt the Magistrate Judge's Report and Recommendation [7] as the opinion of this Court, grant Respondent's Motion to Dismiss [5], and dismiss the Petition for Writ of Habeas Corpus [1] with prejudice as untimely.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Douglas B. Bibbs's Objection [8] to the Report and Recommendation [7] of United States Magistrate Judge Linda R. Anderson is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [7] of United States Magistrate Judge Linda R. Anderson is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Pelicia Hall's Motion to Dismiss [5] is **GRANTED,** and Petitioner Douglas B. Bibbs's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 7th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE